In re a Juvenile.

(No. 72-09751—Decided August 17, 1973.)

Court of Common Pleas of Hamilton County.

*Mr. Robert L. Rinear*, for defendant.

Schwartz, J.  At the outset this court wishes to state emphatically that it is in favor of more stringent laws as to the control of guns and other dangerous weapons, but the legislation must be in accordance with law, and will fail if it does not do so.

In the case at bar the defendant is charged with violation of R. C. 2901.06 which provides:

"No person shall unlawfully kill another.  Whoever violates this section, except in the manner described in Sections 2901.01 to 2901.05, inclusive, of the Revised Code, is guilty of manslaughter in the first degree * * *."

The legal requisites for this offense are:

1. Unlawful killing.
2. Unintentional.
3. Being of a person living at the time of the act now dead.

118

4. Proximate result of commission of crime under state laws.

5. Venue.

Schneider's, Ohio Criminal Code (3 Ed.), Section 35.73; See *Davis* v. *State* (1874), 25 Ohio St. 369; *Thurman* v. *State* (1889), 4 C. C. 141, 2 C. D. 466.

The court in this case finds that the defendant accidentally shot his boyhood friend while attempting to demonstrate a gun which was not his property. Therefore, the only provision applicable herein for involuntary manslaughter would be the commission of a crime under state law. For this purpose the complaint states that the law the defendant violated is R. C. 2923.56 subsection (A), which provides:

"Except as provided in division (C) of this Section, no person shall purchase, own, possess, receive, carry, control, or use any firearm, if such person is a fugitive from justice, is under indictment or has been convicted of any felony of violence and involving moral turpitude or adjudged a juvenile delinquent for commission of any act which if committed by an adult would be such felony in this or any other state, the United States or any of its territories or possessions, or the District of Columbia, is addicted to or illegally uses any narcotic drug, hallucinogen, or other dangerous drug, is an habitual drunkard, or is under adjudication of mental incompetence. * * *"

The violation of this section was based on the fact that the defendant on October 18, 1972, had been adjudicated delinquent by this court under R. C. 2151.02 for malicious breaking and entering a building with intent to steal or to commit a felony. The issue now raised is the validity of R. C. 2923.56 aforequoted.

This court is of the opinion that R. C. 2923.56 is invalid. The requirement of involvement of "moral turpitude" makes this statute void for vagueness and indefinite standards. A criminal statute which is so vague that it leaves the standard of guilt to the variant views of the different courts and juries which may be called on to enforce it, cannot be squared with the due process standards of the

Fifth, Sixth and Fourteenth Amendments to the U. S. Constitution. *United States* v. *Cohen Grocery Co.* (D. C. E. D. Mo. E. D. 1920), 264 F. 218, 220, affirmed (1921), 255 U. S. 81.

"Men of common intelligence cannot be required to guess the meaning of the enactment." *Winters* v. *New York* (1948), 333 U. S. 507, at p. 515 [*Connally* v. *General Construction Co.* (1926), 269 U. S. 385, at pp. 391-392]. The vagueness may be from uncertainty in regard to persons within the scope of the act. *Lanzetta* v. *New Jersey* (1939), 306 U. S. 451, or in regard to applicable tests to ascertain guilt. *United States* v. *Cohen Grocery Co., supra,* 255 U. S. 81, at pp. 89-93.

"Moral turpitude" is not defined by statute and is purely subject to judicial interpretation, and varies in different jurisdictions. The Ohio Supreme Court in the case of *Cincinnati Bar Association* v. *Massengale* (1961), 171 Ohio St. 442, at p. 444, stated, "Definitions as to those acts which constiute 'moral turpitude' are numerous and sometimes conflicting." (See 27A Words and Phrases (Perm. Ed.), p. 185, under the heading "Moral Turpitude".) For the history of moral turpitude at law, see *State* v. *Malusky* (1930), 59 N. D. 501, 505, 230 N. W. 735, 71 A. L. R. 190, 193.

Moral turpitude vacillates and changes in accordance with time and environment.

21 American Jurisprudence 2d states, at page 109:

"The standard [of moral turpitude] is public sentiment and it changes as to the moral opinions of the public change. [*State* v. *Malusky,* 59 N. D. 501, 230 N. W. 735, 71 A. L. R. 190.] Moreover a crime which involves moral turpitude [gauged] by the moral standard of one community might not do so in another. [*In re Dampier,* 46 Idaho 195, 267 P. 452.]"

It is to be remembered that the essential purpose of a criminal statute is to warn individuals of the criminal consequences of their conduct. *Williams* v. *United States* (1951), 341 U. S. 97; *Screws* v. *United States* (1945), 325 U. S. 91, 103-104. If the courts admit that the definitions

of moral turpitude are conflicting in various communities and subject to change with conditions, how is a layman and especially a juvenile to know what guidelines to follow as to this varied defined term?

A good case to the point is that of *Gesicki* v. *Oswald* (D. C. S. D. N. Y. 1971), 336 Fed. Supp. 371, affirmed by the United States Supreme Court, 406 U. S. 913.

The district court held in its syllabus:

"Terms 'morally depraved' and 'in danger of becoming morally depraved' in certain provisions of New York's 'Wayward Minor' statute fall far beyond bounds of permissible ambiguity in standard defining criminal act. Code Cr. Proc. N. Y. §§913-a, 913-a (5, 6)."

(The word "depraved" is defined in legal dictionaries as "turpitude".)

Though it is sufficient to declare R. C. 2923.56 void by reason of vagueness we should mention the confusion and conflict existing by the provision in the statute involving persons by reason of their felonies in other states.

In some states Ohio's felonies are misdemeanors, and *vice versa*. For example:

### LARCENY

| | |
|---|---|
| Ohio | To steal property valued at less than $60 is a misdemeanor and to steal property valued at $60 or more is a felony. R. C. 2907.20. |
| Alabama | To steal a crop or animal of $5 or more in value is a felony. To steal personal property of the value of $25 or more is a felony. Code of Ala., Title 14, Section 331. |
| Missouri | To steal property valued at $50 or more is a felony. V. A. M. S., Section 560.161. |
| Idaho | To steal an animal is a felony regardless of value. I. C., Section 18-4604. |

### COHABIT IN STATE OF ADULTERY

| | |
|---|---|
| Ohio | This offense is a misdemeanor as it is punishable by maximum fine of $200 and imprisonment for not more than 3 months. R. C. 2905.08. |

| | |
|---|---|
| Florida | It is a felony as punishable by maximum penalty of 2 years in prison. F. S. A., Section 798.01. |
| Puerto Rico | Simple adultery without cohabitation is a felony as punishable by imprisonment up to 5 years. 33 L. P. R. A., Section 1081. |

RECEIVING STOLEN PROPERTY

| | |
|---|---|
| Ohio | Misdemeanor if value of property is less than $60; a felony if the value of the property is $60 or more. R. C. 2907.30. |
| Idaho | Receiving stolen goods is a felony regardless of the value of the property involved. I. C., Section 18-4612. |
| Missouri | Receiving stolen goods is a felony if the value of the property is $50 or more. V. A. M. S., Section 560.270. |
| Puerto Rico | Receiving stolen goods is a felony if the value of the goods is $50 or more. 33 L. P. R. A., Section 1693. |

The fact that felonies are not uniform throughout the United States creates a hardship upon the individual attempting to decide whether he is prohibited from possession of a firearm thereunder. It can also create an inequity upon the individual convicted of what constitutes a felony in another state but is only a misdemeanor in Ohio.

" '* * * The criminal code must be definite and informative so that there may be no doubt in the mind of the citizenry that the interdicted act or conduct is illicit.' " *Winters* v. *New York, supra* (333 U. S. 507), at p. 517, quoting *State* v. *Klapprott* (1941), 127 N. J. Law, 395, 22 A. 2d 877.

Consequently, R. C. 2923.56, an unusual law, sets up confusing and vague guidelines for the layman, including a juvenile, to follow.

This case is hereby dismissed.

*Case dismissed.*